CHARLES JOHN HANSEN, Respondent, v. VIOLA MARGARET HANSEN, Appellant.— Interlocutory judgment reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event, upon the ground that the finding of the jury is against the weight of the evidence. Findings of fact and conclusions of law inconsistent herewith are reversed. Lazansky, P. J., Scudder and Tompkins, JJ., concur; Kapper and Hagarty, JJ., dissent and vote to affirm. Settle order on notice.

In the Matter of the Transfer Tax upon the Estate of ELLEN HALE BOLTON, Deceased. STATE TAX COMMISSION, Appellant; MANDEVILLE MULLALLY and EDITH BOLTON MULLALLY, as Executors, etc., of ELLEN HALE BOLTON, Deceased, Respondents.— Order of the Surrogate's Court of Nassau county, in so far as it reverses the *pro forma* order entered in that court on the 22d day of November, 1927, fixing and assessing a tax with respect to the estate of the above-named decedent, reversed upon the law and the facts, without costs, and the *pro forma* order reinstated, without costs. Decedent died in February, 1926. She was of the age of seventy-five years at the time of the transfer of the securities to her daughter, under review in this case, and seventy-six years of age when she died. She had been suffering from diabetes for twenty years, although the proof is that the direct cause of death was coronary artery thrombosis, or hardening of the arteries. She was also suffering from cataracts, which had rendered her nearly blind. An operation, the nature of which is not disclosed, was imminent. Decedent resided with her daughter, to whom she made the transfer, and her son-in-law. The latter was a trust officer, familiar with the Transfer [Tax] Law, and supervised the transfer. The reason given by the respondents for the transfer, which stripped the decedent of all her property, was inability to manage her estate because of failing eye-sight. This reason involves the inference that the decedent retained a beneficial interest. Having in mind the decedent's critical condition and the surrounding facts and circumstances, including her age, we are of opinion that the presumption created by section 230 of the Tax Law, as amended by chapter 657, Laws of 1924, ▋ which provides that the transfer of property within two years of death is presumptive evidence that it was made in contemplation of death, was not overcome by the proof in this case. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

In the Matter of the Petition of BURLINGHAM LAND & IMPROVEMENT Co., INC., Respondent, to Register the Title to Certain Lands in Suffolk County. MATTHEW W. HOYLE, Appellant.— Judgment affirmed, with costs. No opinion. Lazansky, P. J., Young and Hagarty, JJ., concur; Rich and Scudder, JJ., dissent.